(No. 78-CC-1474-

WAYNE L. APPLETON, D.V.M., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed March 14, 1979.*

*Order on denial of rehearing filed July 15, 1981.*

*Order vacating dismissal filed December 17, 1981.*

*Opinion filed March 7, 1983.*

JOHN K. SURMAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

POLOF, C.J.

This cause coming on to be heard on the motion of Respondent to dismiss, on the ground that the complaint herein fails to meet the requirements of Rule 5A of the Court of Claims;

And Claimant not having responded thereto;

And the Court being fully advised in the premises;

It is hereby ordered that Respondent's motion to dismiss the complaint be, and hereby is granted, without prejudice.

## ORDER ON DENIAL OF REHEARING

POCH, J.

This cause coming on to be heard upon the motion of the Claimant for a rehearing and oral argument on Respondent's motion to dismiss.

The Court having heard oral argument in this matter, petition for rehearing is denied and this cause is dismissed.

## ORDER VACATING DISMISSAL

HOLDERMAN, J.

The complaint herein was for services furnished which were not paid after Claimant was wrongfully discharged. The Civil Service Commission rendered its decision holding wrongful discharge. On administrative review this decision was affirmed. Thereafter, the director of the department of personnel reversed the layoff of Claimant. Following this, Claimant was reimbursed the sum of $12,216 for salary and benefits for fiscal 1977, but was not reimbursed for the time of September 30, 1973, thru June 30, 1976, because of lapsed appropriations. The Department of Agriculture in a memorandum dated November 8, 1978, set forth the lapsed salary, contributions to retirement system and Social Security system. A copy of the memo is attached to Claimant's motion to vacate filed October 21, 1981.

From the record before us we find no issue by the State denying the wrongful discharge. There remains,

however, the question of mitigation by earnings of Claimant.

After reviewing the entire record, we find that this case should be determined by assigning it for hearing to determine the following issues of fact:

1. Total gross pay due Claimant for period up to July 1, 1976, from September 30, 1973 (the date of wrongful discharge).

2. The amount, if any, that Claimant otherwise earned during said period in mitigation or offset against the total gross he would have earned.

Case reinstated and assigned for hearing on above issues.

## OPINION

HOLDERMAN, J.

Claimant, Wayne L. Appleton, a doctor of veterinary medicine, was discharged from his position as chief veterinarian, meat and poultry inspection, Illinois Department of Agriculture, on October 1, 1973.

Claimant commenced legal proceedings in an attempt to be reinstated to his position. He was successful before the Civil Service Commission, the circuit court, the appellate court, and the department of personnel, each agency and court declaring that his termination by Respondent was wrongful and each of them ordering him reinstated to his position.

Claimant finally returned to work on July 1, 1977, and at that time he received back pay for the fiscal year 1977, covering July 1, 1976, through June 30, 1977. He is now seeking to recover for lost wages during the period of October 1, 1973, through June 30, 1976, in the amount of $65,935.00. In addition, Claimant seeks lost contribu-

tions to the Illinois Retirement System and to Social Security.

The evidence is undisputed that the amount of $65,935.00 was the amount of wages lost by Claimant and that there were no contributions made to the Illinois Retirement System or to Social Security during the period in question. The State does not contest the amount of damages.

The only question before the Court is whether or not Claimant made proper attempts to mitigate his damages during the period in question. The evidence is uncontroverted by the State that Claimant made several attempts to find suitable employment but was unsuccessful. At one time Claimant had been in private practice but at the time he entered the employ of the State, he sold his interest in his private practice to a colleague. In addition to selling his interest, he entered into an agreement not to return to the area where he formerly practiced to seek the return of his former patients.

The commissioner, in his report, referred to the Claimant's age and his physical condition as being a handicap in his attempt to return to private practice as a veterinarian. The evidence indicates that Claimant's practice dealt with large animals and he was not acquainted with the methods of treating small animals and therefore was not qualified to practice veterinary services on small animals.

The record shows that during the period Claimant was off work as a result of his discharge by Respondent, he operated a farm. The evidence clearly shows this was not a successful operation and that Claimant consistently lost money in farming.

The record further shows that Claimant did make a substantial effort to seek gainful employment to mitigate

his damages.

In *Sullivan v. State,* 26 Ill.Ct.Cl. 117, the Court laid down the rule that where a Civil Service employee is illegally prevented from performing his duties, he must mitigate his damages, citing several Illinois cases.

It is the Court's opinion that Claimant, in this instance, did meet the requirements necessary to mitigate his damages and was unsuccessful in securing gainful employment. It appears that much of the time that elapsed between the discharge and the time of reinstatement was prolonged by the State in appealing the decisions of the various agencies through which Claimant was attempting to be reinstated.

An award is hereby made in favor of Claimant in the amount of $65,935.00, plus appropriate additions for the Illinois Retirement System and Social Security.